UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUAN GARCIA DIAZ, )<br>)<br>Petitioner, )<br>)<br>vs )<br>)<br>STATE OF NEVADA, et al., )<br>)<br>Respondents. )<br>_____) | **Case No. 3:04-cv-00527-LRH-VPC**<br><br>ORDER |

Before the court are Respondents' Motion to Dismiss (Docket #23), Petitioner's Opposition to Motion to Dismiss (Docket #29), Respondents' Reply (Docket #30) and Petitioner's Reply to Respondents' Reply (Docket #31). For the reasons stated below, Respondents' motion will be denied without prejudice.

Respondents' Motion to Dismiss argues that Petitioner's federal habeas corpus petition must be dismissed because it was filed beyond the one-year limitations period in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), or in the alternative because the petition is a "mixed" petition containing both exhausted and unexhausted claims. Respondents also argue that several of Petitioner's federal habeas grounds for relief must be dismissed because they are conclusory, and that others should be dismissed because they were procedurally defaulted in the state courts.

///

///

**A.     AEDPA's One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The AEDPA limitations period is also subject to equitable tolling.  *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998).  Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Beeler*, 128 F.3d at 1288.

On September 6, 2000, Petitioner was convicted by jury of first degree kidnapping, battery with intent to commit a crime, two counts of sexual assault with substantial bodily harm, robbery, and attempted grand larceny. (Exhibit 41)[1] Petitioner timely filed a direct appeal, and the Nevada Supreme Court affirmed his conviction on November 16, 2001. (Exhibit 54). On August 12, 2002, Petitioner filed a state post-conviction petition for writ of habeas corpus. (Exhibit 63). The state district court denied the petition (Exhibit 77) and the Nevada Supreme Court affirmed the district court's denial. (Exhibit 80). Remittitur issued on September 21, 2004. (Exhibit 82).

Respondents argue that Petitioner's federal habeas petition is untimely because more than one year passed, minus the time properly tolled by Petitioner's state court appeal and post-conviction petition, between Petitioner's conviction and the filing of his federal habeas petition. Specifically, Respondents point out that the time between the Nevada Supreme Court's affirmance of Petitioner's conviction and the filing of Petitioner's state habeas petition totals 178 days. In addition, the time between the issuance of remittitur for the denial of Petitioner's state habeas petition and the time he filed his current federal habeas petition on May 9, 2005 totals 229 days. Therefore, Respondents argue that 407 days were not tolled, and Petitioner's federal petition is untimely.

Petitioner argues that he filed his federal habeas petition on September 24, 2004, not May 9, 2005. Petitioner did submit a federal habeas petition to this court on September 24, 2004. (Docket #1). This court subsequently found that the petition was inadequate on its face. (Docket #5). In light of Petitioner's pro se status, rather than dismiss the petition this court provided Petitioner with an opportunity to submit an amended federal habeas petition, which he did, on May 9, 2005. Because Petitioner submitted his original habeas petition on September 24, 2004, instead of May 9, 2005, the court finds that the petition was timely submitted, and does not run afoul of the AEDPA limitations period.

---

[1] All references to exhibits in this order refer to the numbered exhibits attached to Respondents' Motion to Dismiss (Docket #23).

**B.      Exhaustion, Conclusory Grounds, Procedural Default**

As stated above, this court found Petitioner's original federal habeas petition to be inadequate on its face, and ordered Petitioner to file an amended petition. (Docket #5). Petitioner thereafter complied with the court's order, and filed an amended petition. (Docket #13). Upon review of the amended petition, however, the court determined that it was still inadequate, and ordered Petitioner to file a second amended petition. (Docket #12). Petitioner filed his second amended petition on August 1, 2005. (Docket #18). The court accepted Petitioner's second amended petition, and provided Respondents with thirty days to submit an answer or other response. (Docket #17). Respondents thereafter filed the current Motion to Dismiss (Docket #23).

Having reviewed Respondents' motion, and Petitioner's opposition, as well as the various habeas petitions that Petitioner has submitted, it has become apparent to the court that the motion to dismiss is directed at Petitioner's first amended habeas petition (Docket #13). Since the court has already found that amended petition facially inadequate, and Petitioner has submitted a second amended complaint, Respondents motion to dismiss is moot. The court will therefore deny Respondents' motion without prejudice and will provide Respondents with thirty days in which to answer or otherwise respond to Petitioner's second amended federal habeas petition (Docket #18).

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (Docket #23) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Respondents shall have thirty (30) days from the date this order is entered in which to answer or otherwise respond to Petitioner's second amended habeas petition (Docket #18).

///
///
///
///

1      **IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days from the date he is
2 served with Respondents' answer in which to submit a reply.
3      Dated this 30th day of March, 2007.

                                              _____
                                              LARRY R. HICKS
                                              UNITED STATES DISTRICT JUDGE