**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JUAN GARCIA DIAZ, | ) | |
| Petitioner, | ) | 3:04-cv-00527-LRH-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| CRAIG FARWELL, *et al.*, | ) | |
| Respondents. | ) | |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Juan Garcia Diaz, a Nevada prisoner.

On September 24, 2004, this Court received petitioner's *pro se* petition for writ of habeas corpus, initiating this action (docket #1). Petitioner has, since then, twice amended his petition. The operative habeas petition is petitioner's Second Amended Petition, filed August 1, 2005 (docket #18).

Respondents filed a motion to dismiss on October 14, 2005 (docket #23). The Court ruled on that motion in an order entered March 30, 2007 (docket #32). The Court denied respondents' motion to the extent that it argued that this action was barred by the statute of limitations. However, to the extent that respondents' motion addressed petitioner's specific claims, the Court determined that respondents' motion responded to the claims in petitioner's First Amended Petition (docket #13), rather than the claims in his Second Amended Petition (docket #18). The

1 Court explained that in the March 30, 2007 order, denied respondents' motion without prejudice, and
2 directed respondents to answer or otherwise respond to petitioner's Second Amended Petition
3 (docket #18).
4     Respondents filed another motion to dismiss on July 19, 2007 (docket #37).
5 Petitioner requested and was granted an extension of time to respond to that motion to dismiss
6 (docket #38, #40), but, ultimately, rather than respond to it, petitioner filed a Motion for
7 Appointment of Counsel (docket #42) and an Application to Proceed *in Forma Pauperis*
8 (docket #41).
9     Appointment of counsel appears to be unwarranted in this case.  There is no
10 constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v.*
11 *Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The
12 decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196
13 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234
14 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the
15 complexities of the case are such that denial of counsel would amount to a denial of due process, and
16 where the petitioner is a person of such limited education as to be incapable of fairly presenting his
17 claims.  See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).
18 A review of the Second Amended Petition in this case reveals that the claims in it are not unusually
19 complex.  Also, the Court notes that petitioner has been reasonably able to present matters to the
20 Court in an organized and understandable manner.  Petitioner's Motion for Appointment of Counsel
21 (docket #42) will be denied.
22     Petitioner's Application to Proceed *in Forma Pauperis* (docket #41) will also be
23 denied, as moot.  Petitioner has paid the filing fee for this action (docket #4).
24     As for the motion to dismiss, filed by respondents on July 19, 2007, the Court finds
25 that, inexplicably, respondents have *again* responded to the wrong petition.  The July 19, 2007
26 motion to dismiss purports to respond to the Second Amended Petition (*see* Motion to Dismiss

1  (docket #37), p. 8, footnote 1); however, the arguments in the motion make obvious that the
2  motion actually addresses the claims in the First Amended Petition.  *Compare*, *e.g.*, Motion to
3  Dismiss (docket #37), pp. 8-17; First Amended Petition (docket #13); Second Amended Petition
4  (docket #18).

5        The time wasted by respondents' repeated responses to the wrong petition is
6  unfortunate.  However, in the interest of justice -- that is, in the interest of seeing the resolution of
7  this case turn on its merits rather than upon counsel's miscues -- the Court will deny the current
8  motion to dismiss, without prejudice, and will extend to respondents another opportunity to respond
9  to the Second Amended Petition (docket #18).

10        Respondents' counsel should consult the electronic file in this case, and be absolutely
11  certain that their further response addresses *the Second Amended Petition (docket #18)*.

12        **IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *in Forma*
13  *Pauperis* (docket #41), filed November 6, 2007, is **DENIED** as moot.

14        **IT IS FURTHER ORDERED** that petitioner's Motion for Appointment of Counsel
15  (docket #42) is **DENIED**.

16        **IT IS FURTHER ORDERED** that respondents' Motion to Dismiss, filed
17  July 19, 2007 (docket #37) is **DENIED**, without prejudice.

18        **IT IS FURTHER ORDERED** that respondents shall, within **30 days** from the date
19  of entry of this order, answer or otherwise respond to petitioner's Second Amended Petition, filed
20  August 1, 2005 (docket #18).

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///

1        **IT IS FURTHER ORDERED** that, if respondents file a motion to dismiss in response to the Second Amended Petition, petitioner shall have **30 days** to respond to such motion, and respondents shall, thereafter, have **15 days** to reply.  If respondents file an answer in response to the Second Amended Petition, petitioner shall have **30 days** to file a reply to the answer.

       Dated this 15th day of February, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE