UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUAN GARCIA DIAZ,              )<br>                                )<br>     Petitioner,               )     3:04-cv-0527-LRH-VPC<br>                                )<br>vs.                             )<br>                                )     ORDER<br>CRAIG FARWELL, *et al.*,        )<br>                                )<br>                                )<br>     Respondents.               )<br>_____/ | |

This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by petitioner Juan Garcia Diaz, a Nevada prisoner. Before the Court is respondents' Answer (ECF No. 70) and petitioner's Reply (ECF No. 77).

## I.   Procedural History

Petitioner was charged, after waiving his right to a preliminary hearing, with first degree kidnapping (count I), battery with intent to commit a crime (count II), two counts of sexual assault with substantial bodily harm (counts III and IV), robbery (count V), and attempted grand larceny (count VI) in the Eighth Judicial Circuit Court for Clark County. Exhibits 15 and 18.[1] After a jury trial, the petitioner was convicted of all counts. Exhibits 34-38. The trial court sentenced petitioner as follows: count I, life in prison with parole eligibility after five years; count II, 72 months in prison with parole eligibility after 24 months; count III, life imprisonment with parole eligibility after fifteen years; count

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their first motion to dismiss the petition for writ of habeas corpus, and are located in the record at ECF Nos. 26 and 28 with additional exhibits located in the record at ECF No. 71.

1  IV, life imprisonment with parole eligibility after fifteen years; count V, 180 months in prison with
2  parole eligibility in 60 months; and count VI, 60 months in prison, with parole eligibility after 24
3  months. Exhibits 40 and 41. A judgment of conviction was entered on September 6, 2000. Exhibit 41.
4        Petitioner appealed, arguing that there was insufficient evidence to support a conviction of first
5  degree kidnapping. Exhibits 43 and 49. The Nevada Supreme Court disagreed, and affirmed the
6  judgment of conviction. Exhibit 54. Remittitur issued on December 13, 2001. Exhibit 58. Petitioner
7  filed a state habeas corpus petition alleging approximately forty-five grounds for relief. Exhibit 63. The
8  trial court held an evidentiary hearing on the petition, and then denied the petition. Exhibits 71 and 77.
9  Petitioner appealed, and the Nevada Supreme Court affirmed the lower court's denial of the state habeas
10 petition. Exhibits 73 and 80. Remittitur issued on September 21, 2004. Exhibit 82.
11       Petitioner then filed a federal habeas corpus petition in this Court (ECF No.6). This Court
12 allowed petitioner to file an amended petition (ECF No.13), and a second amended petition (ECF
13 No.18). The second amended habeas corpus petition alleges six grounds for relief, with each ground
14 containing numerous subclaims.
15       Respondents filed a motion to dismiss (ECF No.45). Whereupon, petitioner filed a voluntary
16 motion to dismiss and motion for stay and abeyance (ECF No.48), which was opposed by respondents
17 (ECF No.49). The motion to dismiss was granted in part and denied in part by the Court on September
18 21, 2009 (ECF No. 60). The Court dismissed numerous grounds or subparts thereof as conclusory or
19 procedurally defaulted. *Id*. It further allowed the petitioner an opportunity to return to state court to
20 exhaust his unexhausted claims, stayed the case and ordered it administratively closed. *Id.*. Petitioner
21 returned to this court on December 29, 2010 (ECF No. 61), and the matter was reopened. The Answer
22 and Reply are now pending and ready for decision. The grounds surviving for review are grounds 1(a),
23 (c), (d), (j), (k), (o), 2(b), (c), (d), and 6(b) and (g).
24 **II. Discussion**
25       Respondents argue that the previously unexhausted grounds are now procedurally defaulted as
26 the state court denied petitioner relief on his second post-conviction petition based upon clearly
27 established and consistently applied state procedural rules. They also contend that the remaining grounds
28 lack merit and relief must be denied. Petitioner's reply fails to rebut this assertion.

2

### A. Procedural Default

Petitioner returned to state court raising the various claims of ineffective assistance of counsel at trial and on appeal. Exhibit 87. The state district court dismissed the petition as untimely and successive. Exhibit 88. Petitioner appealed and the Nevada Supreme Court affirmed the lower state court decision finding the second state post-conviction petition to be untimely under NRS 34.726(1) and successive under NRS 34.810. Exhibit 90.

#### 1. General Principles

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). Procedural default refers to the situation where a petitioner presented a claim to the state courts but the state courts disposed of the claim on procedural grounds rather than denying the claim on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner*, 328 F.3d at 1046.

#### 2. Procedural Default in the State Court

Respondents argue grounds 1(a), (j), (k), (o), 2(b), (c), (d), and 6(g) are procedurally barred. These claims were raised in the second state habeas corpus petition. Exhibit 87. The Nevada Supreme Court stated, with regard to these grounds:

> Appellant filed his petition on November 5, 2009, almost 8 years after issuance of the remittitur on direct appeal on December 13, 2001. *Diaz v. State,* Docket No. 36754 (Order of Affirmance, November 16, 2001).

> Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a showing of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Good cause must be an impediment external to the defense. *Lozada v. State,* 110 Nev. 349, 353, 871 P.2d 944, 946 (1994).
>
> In an attempt to demonstrate good cause, appellant first claimed that a successive petition was necessary to exhaust state remedies. Filing a late, successive petition for exhaustion purposes is not an impediment external to the defense. *Id.* The claims raised were reasonably available to be raised in a timely petition. *Hathaway v. State,* 119 Nev. 248, 252-54, 71 P.3d 503, 506 (2003).
>
> Next, appellant claims that he had good cause because the district court failed to appoint post-conviction counsel in the first proceedings. Appellant failed to demonstrate an impediment external to the defense excused his late, successive petition. The instant petition was filed more than five years after this court affirmed the decision of the district court to deny his proper person post-conviction petition for a writ of habeas corpus. [fn.2: *Diaz v. State,* Docket No. 41469 (order of Affirmance, August 24, 2004).] Further, appellant failed to demonstrate that the district court abused its discretion in failing to appoint post-conviction counsel in the first proceedings. *See* NRS 34.750(1). Therefore, we conclude that the district court did not err in denying the petition as procedurally barred.

Exhibit 90, pp. 1-3.

### 3. The Procedural Default Was an Independent and Adequate State Law Ground for the Nevada Supreme Court's Disposition of Petitioner's Claims

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). The Ninth Circuit Court of Appeals has held that, at least in noncapital cases, application of NRS 34.810 is an independent and adequate state ground. *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999). This Court finds that the Nevada Supreme Court's holding that petitioner's grounds 1(a), (j), (k), (o), 2(b), (c), (d), and 6(g) were procedurally barred under NRS § 34.726(1) and § 34.810(1)(b) are independent and adequate state law ground for the court's denial of these claims.

### 4. Cause and Prejudice or Fundamental Miscarriage of Justice

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a

4

fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

In his reply, petitioner has not set out any arguments relating to cause and prejudice or fundamental miscarriage of justice, therefore, grounds 1(a), (j), (k), (o), 2(b), (c), (d), and 6(g) will be dismissed as procedurally defaulted.

### C. Merits

Respondents next address the merits of the surviving grounds for relief; grounds 1(c), (d) (p), (q), ground 2(a) and grounds 6(b), (j) and (k).

#### 1. Standard of Review

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this Court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). These standards of review "reflect the ... general requirement that federal courts not disturb state court determinations unless the state court has failed to follow the law as explicated by the Supreme Court." *Davis v. Kramer*, 167 F.3d 494, 500 (9th Cir. 1999). Therefore, this Court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 562 U.S.

5

1  \_\_\_, \_\_\_, 131 S.Ct. 770, 786 (2011).

2  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694 (2002).

8  A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (*quoting Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409).

15  In determining whether a state court decision is contrary to federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

21  **2. Grounds 1(c), (1)(d), 6(b)**

22  In ground 1(c) petitioner contends that trial counsel failed to file a motion to suppress the latent fingerprints found at the crime scene because the fingerprints were not his, and were "dormant" and "undeveloped" and were used to point a finger at petitioner and show he was guilty. In ground 1(d) petitioner alleges trial counsel failed to file a motion to suppress the videotape from the crime scene, which had no visual image of the petitioner on it. In ground 6(b) petitioner states that his rights to a fair and impartial trial were violated due to counsel's failure to file a motion to suppress the fingerprints and videotape. Petitioner states that the jury was led to believe that the petitioner could be seen on the video

6

1  and therefore the video prejudiced him. In reviewing the state court records, it appears to respondents,
2  and this Court agrees, that these claims were presented as grounds 2 and 8 of the state post-conviction
3  petition. Exhibit 60, pp. 7-8, 14.

### a. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel "a defendant must show both deficient performance by counsel and prejudice." *Premo v. Moore* 131 S.Ct. 733, 739 (U.S., 2011) quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S.Ct. 1411, 1419 (2009). "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.' *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052 (1984). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.*, at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687. "With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Id.* The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Id.* at 690.

The state district court initially reviewed the claims and concluded that petitioner had not offered any reasons why the evidence could have rightly been suppressed, noting that "[w]ithout any reason to question the admissibility of the State's evidence, it cannot be maintained that counsel was deficient in failing to move to suppress...." Exhibit 77, pp. 2. The court further concluded that petitioner had failed to show how he had been prejudiced by counsel's performance in this regard. *Id.* at 3. The court concluded that "[w]ith the evidence the state had amassed, [petitioner's] guilt was obvious." *Id.*

On appeal, the Nevada Supreme Court affirmed this decision. Exhibit 80. Applying the legal standard of *Strickland v. Washington,* 466 U.S. 668, the court agreed that petitioner had "failed to demonstrate that his trial counsel's actions were unreasonable or prejudice him." *Id.*, p. 3. The court opined that a motion to suppress the fingerprints or surveillance video "would not have been meritorious because Diaz admitted to his presence at the scene of the crime," and therefore, he could not show the

7

1 required prejudice. *Id.*, p. 4.

2 In his reply, petitioner offers no actual argument to demonstrate that the Nevada Supreme Court's determination was objectively unreasonable, either in its legal analysis or its factual determinations. Rather, petitioner reiterates his claims and provides numerous legal citations and quotes which are grouped by headings such as "Sentencing," "Closing Arguments" and "Conspiracy." They are not accompanied by any analysis or explanation of the applicability of the decisions to petitioner's claims.[2]

Where there is no suggestion from the petitioner that the state courts' decisions were contrary to or an unreasonable application of clearly established federal law or that the factual determinations were unreasonable in light of the evidence presented at trial, no relief can be granted by this Court as to grounds 1(c), (d) or 6 (d). *See* 28 U.S.C. § 2254(d).

### 3. Grounds 1(p) and 6(j)

Petitioner alleges in ground 1(p) that trial counsel was ineffective for failing to object to the trial court's impermissible limitation of the cross-examination of the victim. In ground 6(j) petitioner alleges that his right to a fair and impartial trial was violated when counsel failed to challenge the trial court's limitation of cross-examination of the victim. Petitioner contends that, had the judge not interrupted the victim, she would have continued to testify and make contradictory statements, which would have changed the outcome of the trial.

These claims were presented to the state courts as ground 18 of his state post-conviction petition. The Nevada Supreme Court held that petitioner had not demonstrated that counsel was ineffective in this regard where "[a]t the evidentiary hearing, trial counsel stated that the district court did not 'cut him off' but that he ended his cross-examination because [ ] testimony [that the victim did not suffer prolonged pain from her injuries cause by Diaz] was favorable to Diaz." Exhibit 80, p. 5-6.

Petitioner has not shown that this factual determination was objectively unreasonable or that he is entitled to relief under 28 U.S.C. § 2254(d).

///

---

[2] Petitioner does initiate his reply with a plea for relief in the form of a reduced sentence despite the inadequacies of his briefing, contending that he "didn't take a life or harm a child and still received more time than some convicted of Murder or Child Molestation." Reply (ECF No. 77), p. 1.

8

### 11. Grounds 1(q) and 6(k)

In ground 1(q) petitioner alleges that trial counsel was ineffective for failing to instruct the jury that he could not be convicted of the lesser included offenses. In ground 6(k) petitioner contends that his right to a fair and impartial trial was violated when counsel failed to instruct the jury that he could not be convicted of lesser included offenses. Petitioner states that the jury should have been informed that if they found him guilty of sexual assault then he could not also be found guilty of battery with the intent to commit sexual assault. Respondents note that these claims correspond to ground 25 of petitioner's state court post-conviction petition, which was found to lack merit by the state district court. *See* Exhibit 77, pp. 2-4.

The Nevada Supreme Court affirmed the denial of relief noting,

> At trial, it was proved that Diaz committed two acts of sexual assault because he digitally penetrated the victim's vagina as well as had actual intercourse with the victim. In addition, it was proved that he battered the victim to get her to have intercourse with him. Trial counsel testified at the evidentiary hearing that the facts regarding these crimes were separate, distinct, and sufficient to support each conviction. Trial counsel also testified that he argued to the judge that these offenses should merge; however, the district judge disagreed. Diaz failed to demonstrate that his trial counsel's actions were unreasonable or that he was prejudiced by his trial counsel's actions, [citing *Strickland*].

Exhibit 80, p. 6.

One offense is different from another if each requires proof of a fact that the other does not. *Albernaz v. United States,* 450 U.S. 333, 339, 101 S.Ct 1137, 1142 (1981); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932). This test is one of statutory construction. *Albernaz, supra.*, at 340, 101 S.Ct. , at 1143. Thus, if there was testimony to prove that the elements of each offense had been met, the multiple convictions petitioner sustained during this criminal episode were proper.

Once more, petitioner has not shown that this decision was unreasonable in its application of clearly established federal law or in its factual determinations. 28 U.S.C. § 2254(d). Petitioner is not entitled to relief on these grounds.

### 12. Ground 2(a)

In ground 2(a) petitioner alleges that he received ineffective assistance of counsel where appellate counsel only raised a single issue on direct appeal. This claim was raised as ground 39 in petitioner's

9

post-conviction petition. Exhibit 60.

Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes,* 463 U.S. 745, 751 (1983); *Smith v. Stewart,* 140 F.3d 1267, 1274, n.4 (9th Cir. 1998). Moreover, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal... ". *Jones,* 463 U.S. at 751.

The Nevada Supreme Court concluded that the claim lacked merit, because petitioner failed to identify for the court what claims that counsel could have or should have brought on the direct appeal which would have brought him relief. *See* Exhibit 80, p. 8. Where the petitioner fails to demonstrate prejudice arising from his attorney's representation, he cannot succeed on a claim of ineffective assistance. *Strickland*, 466 U.S. at 687. Here, while petitioner attempted to remedy the deficiencies in his state court petition by adding additional facts and assertions related to the direct appeal claims, the procedural bar to reviewing those facts or assertions leaves the petition inadequate. Therefore, considering only the claims that have survived, the Court finds that petitioner has not identified what direct appeal claims that he believes were improperly omitted and that he cannot demonstrate that the state court's decision was incorrect under 28 U.S.C. § 2254(d). Relief is not warranted on this ground of ineffective assistance of counsel.

### III. Conclusion

Petitioner has failed to present cause or prejudice to overcome the procedural bar to grounds 1(a), (j), (k), (o), 2(b), (c), (d), and 6(g). He has not demonstrated that the state court's review of grounds 1(c), (d), (p), (q), ground 2(a) and grounds 6(b), (j) and (k) were objectively unreasonable either in the legal analysis applying clearly established federal law or in the factual determinations. The petitioner shall be denied relief.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that grounds 1(a), (j), (k), (o), 2(b), (c), (d), and 6(g) of the Second Amended petition have been procedurally defaulted, and they are **DISMISSED**.

**IT IS FURTHER ORDERED** that grounds 1(c), (d), (p), (q), ground 2(a) and grounds 6(b), (j) and (k) of the Second Amended Petition are **DENIED ON THEIR MERITS**. All other grounds raised in the Second Amended Petition have previously been dismissed. The Second Amended Petition is therefore **DENIED.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability is warranted and none shall issue.

The Clerk shall enter Judgment accordingly.

DATED this 9th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE